BARRICK, Plaintiff, v. **OHIO STATE GRANGE MUTUAL INSURANCE ASSOCIATION**, Defendant.

Common Pleas Court, Muskingum County.

No. 41283.   Decided December 28, 1959.

Don Hollingsworth, Zanesville, for plaintiff.
Clark Morrow, Newark, for defendant.

### OPINION

By CROSSLAND, J:—

After careful reading and study of the pleadings, stipulation of facts, briefs of the respective parties and authorities in the latter set forth, it appears that there are two essential questions at issue between the parties, to-wit,

1. Was plaintiff, Wilma W. Barrick, in good standing as an insured of defendant The Ohio State Grange Mutual Insurance Association, on December 20, 1958, when the residence building insured for Twenty Thousand Dollars ($20,000.00) became a total fire loss?

2. If so, is §3929.25 R. C., applicable thereto as the measure of recovery to which said plaintiff was and is entitled?

These issues will be discussed very briefly and answers to each such question sought by the Court in the above necessary order.

Said plaintiff, Wilma W. Barrick, sole plaintiff presently and sole owner, subject to mortgage lien, became insured by defendant association August, 1953, with respect to the subject property, which then and since in successive policies bore identical fire insurance of Twenty Thousand Dollars ($20,000.00). The policy sued upon is a successor policy for which plaintiff herself made original application, upon which defendant first insured said residence in said amount.

The interim interest of James E. and Mabel Vaughn as prospective vendees under land contract with plaintiff at the time of loss by fire resulted in proof of loss by James Vaughn agreeable to defendant through its local agent pursuant to provision of the existing policy, issued effective October 11, 1957, upon application therefor by Mabel Vaughn. Thus, in effect, the Vaughns were constituted agents of plaintiff in each said respect and so accepted and action thereon taken by defendant association.

There is no fact or even semblance of fraud, intentional or otherwise, on the part of any one. Successive policies of insurance continuing in effect upon plaintiff's direct or represented application, with the amount of insurance unchanged and unaffected throughout, after full and open disclosure of the insured property for visual or other inspection by anyone at any time, the insured subject matter could not be mistaken or misconceived by any one with eyes to see and mind to register.

Values being somewhat a matter of opinion and defendant preparing and writing the policy it issued was always in a position to decline to accept the stated amount of insurance requested or itself to request and require a different and lesser sum, if it so determined, as its own condition either of originally issuing or later continuing insurance protection to plaintiff.

The fact of the residence building, its ownership, sale contract therefore, identity and availability of the parties, information open to inquiry and availability for inspection and appraisal of the subject property, these and any other factors deemed pertinent by defendant at any

time in the five years four months period of insurance coverage were present for its consideration and determination, if it wished. In effect, the only essential representation concerning the fire destroyed residence was the fact of the residence itself, locally available at any time for anyone to see and appraise, and within the sole and exclusive decision of defendant to accept or reject, upon its own terms as to insurable value.

Conceivably, there could not be and there was not fraud of any kind or extent in the inception or later.

Accordingly, plaintiff as such owner of said premises was in good standing with respect to whatever she was and is entitled to receive pursuant to said policy as a result of said loss. What is it?

Sec. 3929.25 R. C., says in pertinent part that:

(An) "association insuring any building against loss by fire, by renewal of a policy, shall have such building examined by its agent, and a full description thereof made, and its insurable value fixed by said agent. In the absence of any change increasing the risk without the consent of the insurers, and in the absence of intentional fraud on the part of the insured, in the case of total loss, the whole amount mentioned in the policy or renewal, upon which the insurer received a premium shall be paid."

"Premium" in a broad sense is whatever sum of money is paid by an insured to any insurer as consideration for the issuance of any insurance policy, together with whatever further liabilities, if any, attach or may attach in consideration of the receipt, retention and benefit of such policy, unlimited by any other name or term technically employed to denominate it by a particular company or association, and is so understood by any one and every one covered and presumably protected by such insurance. Anything less would be an incorrect and misleading common and popular conception of the quid pro quo of and for any policy of property or other insurance.

Sec. 3929.25 R. C., bespeaks the intent, policy and purpose of the legislative branch of Ohio state government to give over all effect to the acts or omissions of any person's, company's, or association's agent in the particular respects defined. For all the stress put upon companies and the implication of bigness thereby, on defendant's part, it will be noted that "a person" is as liable through "his" agent as is an "association" or "company" through "its" agent. There is no distinction or differentiation in size or nature. Clearly, this section of law is a broad and general statement of public policy and specific intent and no exclusion is implied or expressed.

The duty incumbent upon an agent, of examination, description and the fixing of insurable value, are duties mandatory on the part of the principal, in this case the "association," and the fulfillment or failure thereof, if any, is the association's and its alone. It is elementary that any such shortcoming, failure or oversight by it is the failure, oversight or shortcoming, if at all, on the part of such association, not chargeable or imputable to anyone else and therefore either conclusive in the presumption of performance or of estoppel to deny.

In any event plaintiff was led, either actively or passively, to believe that said residence building was actually insured at an insurable value of Twenty Thousand Dollars ($20,000.00) and that in the event of total loss by fire her loss was in that amount, so fixed by successive renewals of her policy for that sum by voluntary acceptance and retention of her as an insured to the time and date of the total fire loss of said building.

Recovery being fixed by law, implementing defendant's action by its agent throughout, determines and decides that she is entitled to receive from defendant the sum of Twenty Thousand Dollars ($20,000.00), with interest thereon at six (6) per cent per annum, from February 28, 1959, and her costs herein, for which she is accorded judgment.

Journal Entry may be prepared by counsel for plaintiff, submitted to counsel for defendant for approval for submission to the Court for its approval for filing, in accordance with the findings and conclusion above set forth, with exceptions granted to defendant.